STATE ex rel. SCOTT, Appellant, v. BURNSIDE et al., Board of Commissioners of City of Sioux Falls, Respondents.

(142 N. W. 1128.)

1.   **Statutes—Titles—Amendatory Acts—Construction.**

That the title of Laws 1911, Ch. 97, is "An act to amend sections 3, 4, 10, 12, * * * of chapter 86 of the Laws of * * * 1907, as amended by chapters 57 and 158 of the Laws of 1909, * * *", does not invalidate the amendment to sections 3 and 4 on the ground that they were not amended by the Laws of 1909, since the words "as amended" refer, not to the sections of the amended chapter, but to the chapter itself.

**2.   Titles—Construction of, Favoring Validity.**
    Such a construction, if reasonable, should be placed upon the title, as well as the body of a statute, as will render the statute valid and carry into effect the clear will of its framers.

**3.   Validity—Certainty.**
    The contention that Laws 1911, Ch. 86, Sec. 3, by providing for elections in cities under commission to determine whether they shall have three or five commissioners, is uncertain in regard to the mode of election, is untenable, since the amendatory act provides for submission of that question in the same manner as does the act amended.

(Opinion filed September 23, 1913.)

Mandamus by the State, on the relation of Mark D. Scott, against George W. Burnside and others, as the Board of Commissioners of the City of Sioux Falls, to compel respondents to call a city election to determine whether the city should be governed by a board of five, or one of three commissioners. From a judgment order denying a peremptory writ, relator appeals. Reversed, with directions that the writ issue.

*Sioux K. Grigsby,* and *Frank R. Aiken,* for Appellant.

The statutes of this state provide a method, plain and specific, for the reduction of boards of city commissioners from five to three members. Sections 3 and 4, Chapter 86, of the Laws of 1907, as amended by Chapter 97 of the Laws of 1911; Section 112, Chapter 86 of the Laws of 1907.

These statutes simply seek to enlarge the opportunity of citizens to exercise the right of franchise. They should be liberally construed.

An interpretation of a statute must be reasonable (Civ. Code § 2441), and "an interpretation which gives effect is preferred to one which makes void." (Civ. Code § 2440.)   State ex rel. Cook v. Polley, (S. D.) 139 N. W. 120.

An examination of the title of chapter 97, laws of 1911, makes it clear that the purpose of the act is: "to amend sections 3, 4, 10, etc. etc., of chapter 86 of the Laws of South Dakota for the year 1907, as (said chapter was previously) amended by chapter 57 and 158 of the Laws of 1909" or, more briefly, "An act to amend * * * Chapter 86 of the Laws of South Dakota for the year 1907, as amended by chapters 57 and 158 of the Laws of 1909 * * *"

That this is the proper construction to be placed upon the title of the act of 1911 is clearly borne out by the context of the act itself; and as between a title and statute the court will not allow a construction of the title to control a construction of the statute.   Sutherland on Statutory Construction, Section 210.

*D. J. Conway,* for Respondents.

Chapter 86 of the Laws of 1907, provided for the incorporating of cities under commission with the number of commissioners designated.   Respondents contend that the change from the form of government of cities with a commission of five to a commission of three, is a much more radical change in the form of government of cities, than is the change from the city council form of government to the commission form of government with five members of the board as heretofore adopted, and that it is an entirely new form of government and a new classification of cities, and before the governing board may be compelled to submit the question of the incorporation under the commission of three form of government, the authority for each step, and the direction as to the manner of taking each step, must be specifically given by the Legislature, by certain positive and unambiguous enactments, and must direct in the statute, a method for the submission of the question, so that the will of the majority of the electors when expressed, may be carried into effect, otherwise the commissioners cannot be compelled by mandamus to call an election that might leave the decision upon the question proposed, undetermined, and the wish of the voter indefinitely expressed.

There is no valid law providing for the incorporating of cities under commission, except chapter 86 of the Laws of 1907, and there is no valid provision for the purpose of submitting the question of incorporating cities under commission, except section 3 of chapter 86 of the Laws of 1907.   Chapter 97 of the laws of 1911, was an act to amend certain sections of chapter 86 of the Laws of 1907 as amended by chapters 57 and 158 of the Laws of 1909. That was the plain statement of what the act attempted to amend, and under the constitution of this state, any law or provision embraced in chapter 97 of the laws of 1911, that was not included in chapters 57 and 158 of the Laws of 1909, cannot be given effect, for chapters 57 and 158 of the laws of 1909, do not amend or attempt to amend section 3 of chapter 86 of the Laws

of 1907, the same being the section providing for the submitting of the question of incorporating cities under commission to a vote of the electors, but section 3 of chapter 86 of the Laws of 1907, contains no provision for the submitting of the question of the incorporating of cities under the commission form of government with three commissioners, unless the court should hold that section 1 of chapter 97, Laws of 1911, will be read as and considered, section 3 of chapter 86 of the Laws of 1907.

From a reading of the whole of section 1, Ch. 97, Laws 1911, it is plain that the voter is called upon, not to express by his vote whether the city will incorporate under a commission of three or not, but to express his choice as to whether the city will be incorporated under an incorporation providing for a governing board of five or a governing board of three, and should the city in compliance with the petition filed by the relator and other electors, submit the question asked to be submitted to a vote, the question would have to be put in the alternative, either for a commission of five or a commission of three, and there is no plain, specific or intelligent direction or method proposed, as to how to submit to the electors, and comply with the law, the question whether the governing board should be reduced to three commissioners or not.

There is no form of ballot provided for submitting to the electors to be voted on, the question of changing the governing board from five to three members, and a careful reading of sections 1 and 2 of chapter 97 of the Laws of 1911, shows that the will of the voter cannot be intelligently expressed, and if expressed, put into effect under section 2 of that act.

That section 112, Chap. 86, Laws of 1907, authorizes the board of commissioners to call special elections, appoint judges, etc., in order to carry out any of the provisions of the act, is not disputed, but the commission of itself has no authority, under that section, to change the method or to call a special election for the purpose of changing the form of government, or for the purpose of submitting the question sought to be submitted by the petition filed in this case under the authority given it by that section, or in any other method than prescribed by section 2, Chap. 97, Laws of 1911.

WHITING, P. J.   Relator and other legal voters of the
city of Sioux Falls petitioned the respondents as the board of
commissioners in and for, said city, asking that an election be called
whereat the qualified voters of such city might determine whether
such city should be governed, as theretofore, by a board of five
commissioners, or whether it should be governed by a board of
three commissioners.   The respondents refused to call such elec-
tion.   Relator sought and obtained an alternative writ of man-
damus, commanding them to call such election or else show cause
why they failed so to do.   Return was made, wherein respondents
made return that they had not called such election, and wherein
they set forth their reasons for not calling it.   Upon such return
a peremptory writ was denied, and relator appealed from the
judgment order denying such writ.

No question is raised as to the sufficiency of the petition pre-
sented, providing there is any law authorizing and requiring the
respondents to call such election; but respondent contends that
there is no law authorizing the calling thereof.   In the year 1907
the Legislature enacted chapter 86, Session Laws 1907, the same
being a law of 137 sections, entitled "An act to provide for the in-
corporation of cities under commission."   Under this act the
board of commissioners consisted of five members.   The city of
Sioux Falls became incorporated under this law, and was so in-
corporated at the time the petition above referred to was pre-
sented to respondents.   The Legislature afterwards enacted chap-
ter 57 of the Laws of 1909, amending sections 22, 23, 36, 59,
125, 126, and 134 of chapter 86, supra, and chapter 158, Laws
1909, amending section 54 of said chapter 86.   No question is
raised as to the validity of these amendatory laws.   In the year
1911 the Legislature attempted to further amend the laws pro-
viding for the incorporation of cities under commission, and to
that end enacted chapter 97, Laws 1911.   Upon the validity of
this last law depend the rights of relator.   This law was entitled
"An act to amend sections 3, 4, 10, 12, 15, 18, 19, 23, 54, 61, 82,
106, 110, 116, 121, and 122, of chapter 86 of the Laws of South
Dakota for the year 1907, as amended by chapters 57 and 158 of
the Laws of 1909 for the state of South Dakota, providing for
cities under commission."   It will be noticed, from the wording
of the above title, that the 1911 law purports to amend several

sections of the 1907 law that had not been amended by either of the 1909 laws, and upon this fact respondents base their chief contentions.

A reading of the 1911 law discloses that the chief thing sought by its enactment was the providing of a right in, and a way for, the people of a city to incorporate their city as a city under a board of three commissioners rather than of one under five, if the voters so desired—the prior law being amended wherever necessary in order to provide for either a board of three or one of five commissioners. Sections 3 and 4 of the 1907 law provided for the presenting of petitions and the calling of elections to determine whether a city should incorporate under the commission form. The 1911 law amended these sections, so that they also provide for the presenting of petitions and the calling of elections to determine whether a city shall incorporate under commission form of government with three or five commissioners, or, if already under five commissioners, whether it shall change to three.

[1, 2] Respondents contend that sections 3 and 4 of the 1907 law are not amended by the 1911 law, for the reason that, as they contend, the title of the 1911 law is insufficient under which to amend any section, except one that had already been amended by the 1909 laws—in other words, they contend that the phrase "as amended by chapter 57 and 158 of the Laws of 1909," refers to and modifies the words "sections, 3, 4, 10, * * *" rather than the words "chapter 86"; that, therefore, the title to the act of 1911 gives notice that such act only amends sections that had already been amended in 1909, and, inasmuch as the Laws of 1909 did not amend sections 3 and 4, the law of 1911 was invalid wherein it attempted to amend said sections 3 and 4. To us such contention seems utterly without merit. Followed to its legitimate conclusion, not one section of the 1911 law would be valid. The title of such law, construed as respondent would construe it, would recite that the several sections therein referred to had each and every one of them been amended by both of the 1909 laws; and, it being true that not one of such sections had been amended by both of such laws, it would follow that under such title the whole law was unconstitutional and therefore invalid. But it is true that "chapter 86 * * *" was amended by "chapters 57 and 158 of the Laws of 1909," and it is very clear to us that it is to

the words "chapter 86  *  *  *"  that the words "chapters 57 and 158  *  *  *" refer and relate.   Moreover, no rule of law is better settled than that such a construction, if it be a reasonable one, should be placed upon the title as well as upon the body of a statute as will render the statute valid and carry into effect the clear will of the framers thereof; and it would certainly be without support either of reason or legal authority—which authority *should* conform to reason—to give to this title the construction urged by respondents, and follow such construction with a holding that all of chapter 97, Laws 1911. is invalid, rather than to give to it the construction clearly intended by its framers, and then hold the law valid.

[3] Respondents further urge that the section of the law of 1911 which amends section 3 of the law of 1907 is so uncertain in its meaning that they "can find no plain, specific, or intelligent direction or method proposed as to how to submit to the electors, *  *  *  and comply with the law, the question whether the governing board  *  *  *  should be reduced to three commissioners or not."   The amendment of 1911 provides for the submission of this question in the same manner as the original law provided for the submission of the question of incorporatinig under a commission, and respondents' city as well as several other cities of this state, have had no trouble in following such law and in becoming incorporated thereunder.   Respondents' contention in this respect is utterly without any merit whatsoever.

Respondents also profess to find something indefinite in section 4 as amended, which section, among other things, provides the forms of ballot to be used in submitting the different questions that can be submitted.   From their brief one would conclude that they thought they must submit two questions:   (1) Whether the city shall go under commission form of government; (2) whether the city shall have three or five commissioners.   Respondents seem to fear that the voters might elect not to organize under the commission form, and at the same time, by their votes, declare the number of commissioners they desire.   We see no reason for respondents to trouble themselves about what might happen to those cities who are for the first time voting upon whether they shall adopt the commission form of government.   Sioux Falls has already taken this step, and under the statute respondents could not

submit the question of changing back to their old form of government. The only question for respondents to submit to the voters is whether the number of commissioners shall be changed; and the section, as amended, provides the form of ballot to be used in submitting this question, as well as the method of marking same so as to express one's choice.

Appellant was clearly entitled to the peremptory writ asked for, and the judgment order appealed from is reversed, and the trial judge is directed to issue the writ prayed for.